# Court of Appeals
# of the State of Georgia

ATLANTA,   March 01, 2013

*The Court of Appeals hereby passes the following order:*

## A13A1217.   GEORGIA WORLD CONGRESS CENTER AUTHORITY v. ALICIA JARVIS.

Alicia Jarvis sued Georgia World Congress Center Authority ("GWCCA") and another defendant for injuries she sustained while attending a sporting event at the Georgia Dome.  GWCCA moved to dismiss on the ground that it enjoys sovereign immunity from suit. GWCCA also moved for summary judgment, arguing that it breached no duty to Jarvis and that she had no evidence of proximate cause.  The trial court denied both motions in a two-sentence order finding that "genuine issues of material fact remain."  GWCCA then filed this direct appeal.  We, however, lack jurisdiction.

Ordinarily, the denial of a motion to dismiss or for summary judgment is an interlocutory order, the appeal of which must comply with the interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  According to GWCCA, it is entitled to directly appeal the trial court's ruling under *Board of Regents v. Canas,* 295 Ga. App. 505 (672 SE2d 471) (2009).  In *Canas*, we held that the collateral order doctrine permits a direct appeal from an order "that denies a motion to dismiss, based on a <u>conclusive determination</u> that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity."[1]  (Emphasis supplied.)  Id. at 507 (1).  Our

---

[1] Under the collateral order doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.) Id. Under *Canas*, therefore, a governmental entity may file a direct appeal from an order that conclusively rejects a sovereign immunity defense.

But the order in this case made no conclusive determination. The court merely ruled that genuine issues of fact remain for resolution. Under these circumstances, *Canas* and the collateral order doctrine are inapplicable, and the ruling is interlocutory. Accordingly, GWCCA's failure to comply with the interlocutory procedure in OCGA § 5-6-34 (b) deprives us of jurisdiction over the appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/01/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*